**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHELLE ROCKSMORE,** both in her capacity as an individual and, in addition, on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>**SHARON HANSON, JAMES "JIMMY" HANSON** and **PAL'S SHANTY, INC.**, an Oregon corporation,<br>Defendants. | Case No.<br><br>VERIFIED INDIVIDUAL AND COLLECTIVE ALLEGATION COMPLAINT<br><br>(FEDERAL WAGE CLAIMS)<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT—INDIVIDUAL AND COLLECTIVE ACTION**

Plaintiff Michelle Rocksmore, suing both in her capacity as an individual and, in addition, on behalf of others similarly situated, complains as follows against Sharon Hanson, James "Jimmy" Hanson and Pal's Shanty, Inc. (together, "PAL'S SHANTY").

**PRELIMINARY STATEMENT**

1.

This is an action under federal wage and hour laws for certain present and former employees of PAL'S SHANTY to recover unpaid minimum wages, liquidated damages,

and declaratory relief, and for the named Plaintiff to recover additional economic, noneconomic, liquidated and punitive damages and declaratory relief. Plaintiff requested production of her time and pay records from Defendants before this litigation, but Defendants refused to produce them. All allegations herein are therefore made to the best of Plaintiff's and her counsel's good-faith knowledge, information and belief, based upon the public records and other evidence available to them prior to litigation, before the parties have had the chance to conduct full discovery, and Plaintiff reserves the right to amend her allegations following completion of discovery.

2.

Plaintiff's tip pool claims are being filed at the present time in order to preserve the statute of limitations. However, the Ninth Circuit currently has before it a case that will decide the legality or illegality of Defendants' tip pool. The case of *Oregon Restaurant and Lodging et al. v. Thomas Perez et al.*, Case No. 13-35765, is currently fully briefed and awaiting oral argument at the Ninth Circuit. Plaintiff will therefore be moving to abate her tip pool claims until that case is resolved. In the event that Judge Mosman's ruling in that case (USDC No. 3:12-cv-01261-MO) is upheld and the U.S. Department of Labor's regulations are declared invalid, Plaintiff will dismiss her tip pool claims voluntarily. In the event that the Ninth Circuit overturns Judge Mosman's ruling and the U.S. Department of Labor's regulations are upheld, Plaintiff will be proceeding with the tip pool claims.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question),

and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

4.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(1) and (2) because PAL'S SHANTY resides and transacts business in this district, Plaintiff was employed by PAL'S SHANTY in this district, and acts and omissions that are the subject of this suit transpired in this district.

**PARTIES**

5.

Plaintiff is a resident and citizen of the State of Oregon. At all material times, Plaintiff and the Collective members were employees of PAL'S SHANTY.

6.

Defendant Pal's Shanty, Inc. is an Oregon corporation that at all material times was registered with the Oregon Secretary of State as doing business in Oregon, with Defendants Sharon Hanson and her brother, James "Jimmy" Hanson, as its only known officers, owners, shareholders and managers. At all material times, and with respect to the incidents alleged in this Complaint, Mr. and Ms. Hanson and Pal's Shanty, Inc. were the employers of Plaintiff and the Collective members and/or acted directly and indirectly in the interest of each other and/or intentionally and willfully aided, abetted, incited, compelled, coerced, conspired and acted in furtherance of such conspiracy with each other regarding, and/or negligently allowed, such actions with regard to such employment.

**COMMON FACTS**

7.

PAL'S SHANTY required Plaintiff and the other Collective members to pool their tips

with Defendant Sharon Hanson, as well as the Front-of-the-House Manager, the Back-of-the-House Manager, and the back-of-the-house staff. Neither Ms. Hanson, nor any of the Managers, nor the back-of-the-house staff are traditionally tipped employees. The tip pool was therefore not valid under the FLSA. *See* 29 C.F.R. §§ 531.50 *et seq*., as amended April 5, 2011. In the absence of a valid tip pool, tipped employees must be allowed to keep all of their tips in addition to the minimum cash tipped wage paid by the employer. That did not happen, so the employees were required to receive the entire federal minimum wage in cash in addition to being able to keep all of their tips. The tips taken from the tipped employees and given to those nontipped employees were substantial—enough to reduce the tipped employees' wages below the respective federal minimum wage for the respective workweeks.

8.

At all relevant times, Plaintiff and the Collective members were employed at or under the applicable Oregon minimum wage, which in turn was very near the applicable federal minimum wage. For Plaintiff and each Collective member, nonpayments and deductions from pay as enumerated herein reduced their pay for a given workweek below the level of the applicable minimum wage for that workweek.

## FACTS APPLICABLE TO MS. ROCKSMORE'S INDIVIDUAL FLSA RETALIATION CLAIM

9.

Ms. Rocksmore complained about PAL'S SHANTY's illegal tip pool, both privately to her employer(s) and more publicly by sharing her complaints and concerns with other employees both at Pal's Shanty and at other establishments. She spoke up in a staff meeting on August 26, 2013, again opposing the illegal tip pool. On August 30, 2013,

Ms. Rocksmore was terminated in retaliation for that opposition and complaint.

## COLLECTIVE ALLEGATIONS

10.

PAL'S SHANTY engaged in acts and practices that violated the Collective members' rights under the FLSA. In addition to bringing this action individually on behalf of herself, therefore, Plaintiff also brings this action on behalf of all current and former employees who are similarly situated (the "Collective"). Plaintiff alleges that as a result of the nonpayments and deductions indicated herein, she and each of the other members of the Collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in PAL'S SHANTY's employ, in violation of § 6 of the FLSA (29 U.S.C. § 206). Obviously, for any employee who worked in excess of 40 hours in a given workweek, the same nonpayments and deductions will also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiff and the other Collective members are similarly situated in all relevant respects.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage Claim, Individual Plaintiff and Collective)

11.

All previous paragraphs are incorporated by reference herein.

12.

Pursuant to 29 U.S.C. § 206, PAL'S SHANTY was required to pay Plaintiff and the Collective members at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so, by taking their tips for a mandatory invalid tip pool.

13.

Plaintiff and Collective members are entitled to collect the difference between their wages received when due and the federal minimum wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

(FLSA Retaliation Claim, Individual Plaintiff Only)

14.

All previous paragraphs are incorporated by reference herein.

15.

PAL'S SHANTY terminated Ms. Rocksmore in retaliation for complaining about and opposing its illegal tip pool, which are protected activities under federal law.

16.

Pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b), Plaintiff is entitled to full legal (including economic, noneconomic and punitive damages) and equitable relief and an additional equal amount as liquidated damages, as well as attorney fees, costs and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court award such damages as set forth above and in amounts to be proven at trial; award attorney fees, costs and expenses; enter an order and judgment for declaratory relief; and order such further or alternative relief as the Court deems appropriate.

DATED this July 14, 2014

JON M. EGAN, P.C.

*/s/ Jon M. Egan*

_________________

JON M. EGAN, OSB # 002467
(503) 697-3427
Attorney for Plaintiff

*/s/ Michelle Rocksmore*

______________________

Michelle Rocksmore